UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PEDRO OSORIO

                 Plaintiff,

-vs-

PLIANT CORPORATION,

                 Defendant(s).

**COMPLAINT**

Civ. Act. No.:

JURY TRIAL DEMANDED

## INTRODUCTION

1.        This is an action for the creation of a hostile environment based on race, national origin, ethnicity and ethnic characteristics (Hispanic/Puerto Rican), and the retaliatory discharge of the Plaintiff PEDRO OSORIO ("Plaintiff") under Title VII and the New York Human Rights Law, §290, *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. §1981. Plaintiffs seeks declaratory relief, and compensatory and punitive damages against defendant in an amount to be determined at the time of trial.

## JURISDICTION AND VENUE

2.        Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§1331and 1343, 42 U.S.C. § 2000 (e), 42 U.S.C. §1981, 29 U.S.C. § 1331, 29 U.S.C. §§206 and 216; the Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to adjudicate Plaintiff's claims under state law. Venue is proper pursuant to 28 U.S.C. §1391.

3.        Plaintiff received a Notice of Right to Sue from the Equal Employment

          Opportunity Commission on July 1st, 2009 with regard to his claims under

          Title VII set forth below, and as such, he has administratively exhausted his

          claims under that statute.

## PARTIES

4.        Plaintiff is an individual male of Puerto Rican descent, who was at all times

          relevant herein a resident of the County of Monroe, State of New York.


5.        Upon information and belief, the defendant PLIANT CORPORATION

          is a corporation, organized and existing under the laws of the State of New

          York, and who at all times is the employer of one of its highest ranking

          supervisors,



## FACTS

6.        Plaintiff is a Puerto Rican male.


7.        Plaintiff was hired by the defendant on or about May 6, 2004.


8.        Plaintiff's position upon hire was "packer."


9.        Plaintiff became a "certified packer" in 2005 and worked on the "blue shift."

10.     Plaintiff enjoyed an above average work reputation, had perfect attendance throughout his tenure at defendants's Macedon location.

11.     Plaintiff had a good faith basis to believe that his Supervisor, Gary Hoven, ("Supervisor Hoven") was denying him promotional opportunities on the basis of his national origin (Puerto Rican).

12.     For example, Supervisor Hoven would train Plaintiff for set-up as a "machine operator," at two to three week intervals, whereas Caucasian males, in the same position would receive regular training *daily* and received raises as a result of completing that training and being promoted as a result thereof.

13.     Supervisor Hoven subjected the Plaintiff to this conduct for nearly two years, informing him that he was "*not ready*" to advance, and as a result, Plaintiff did not receive a raise in well over a year under Hoven's supervision.

14.     On January 18th, 2007, Plaintiff filed a verified complaint with the New York State Division of Human Rights as a result of his subjective and objective good faith belief that Supervisor Hoven was precluding him from obtaining promotional opportunities on the basis of his race/ national origin.

15.     Other similarly situated minorities felt that they too were subject to
        discrimination on the basis of national origin, and filed formal complaints as
        well with administrative agencies on the good faith basis  that the
        defendant treated its minority workers disparately as opposed to the
        treatment of its Caucasian workforce.

16.     For instance, a certain Caucasian co-worker went to all of Plaintiff's co-
        workers on the line and told them that Plaintiff was a  "rapist," and that he
        was "stupid."

17.     Supervisor Hoven took no remedial action with regard to these complaints,
        despite the fact that several co-workers who personally heard these
        comments made formal complaints to Hoven about these comments being
        made in the workplace, and that they felt it was inappropriate.

18.     Plaintiff's  subsequent supervisor, Larry Wischof, ("Supervisor Wischof")
        fared no better: he also failed to take any remedial action with regard to this
        Caucasian and other Caucasian's constant taunting and verbal abuse of he
        Plaintiff; indeed, the most Supervisor Wischof would do for Plaintiff  was to
        simply laugh when co-workers called Plaintiff names.

19.     Plaintiff routinely witnessed other minority immigrants be treated poorly in
        the workplace.

20.     In particular one Caucasian worker would frequently tell a Jamaican co-
        worker "*why don't you go back to your poor ass country?*"

21.     Management, who would often stand and witness these comments being
        made to the minority co-workers, would do nothing about it.

22.     When Plaintiff filed his charges with the NYSDHR in 2007, management
        retaliated and treated Plaintiff even worse.

23.     Prior to the filing of the charge there were promotional opportunities on the
        "blue shift" for which Plaintiff was qualified.

24.     When Plaintiff filed his charge in 2007, his shift was changed from "blue
        shift" to "green shift" by Supervisor Hoven, despite his protestations,
        thereby depriving him of any promotional opportunities.

25.     On the "green shift" Plaintiff would be the only Puerto Rican.

26.    In June of 2007, Plaintiff received a dismissal and a notice of right to sue from the New York State Division of Human Rights and the EEOC.

27.    Plaintiff did not commence an action at that time.

28.    After receiving his dismissal, the retaliation became even worse.

29.    Plaintiff routinely asked for promotional opportunities for "set up" but was rejected.

30.    A "set up" position would allow for more pay and more desirable job conditions-i.e. less physical labor than a certified packer position.

31.    Instead, they trained less qualified male Caucasian co-workers, and routinely refused Plaintiff training for which Plaintiff complained to management about on a routine basis.

32.    Plaintiff also witnessed African American females be terminated for using sick time, while Caucasian females co-workers were not fired for taking sick time.

33.     On May 6, 2009, Tom Glisson, Bill Outhouse, Bob DePew, and Larry Wischoff, and the personnel manager, Dave Finley, informed Plaintiff that "your services are not needed here anymore."

34.     Plaintiff was informed for the first time that day that he was being fired for "sexual harassment," despite the fact that he had not been interviewed for, nor was any investigation commenced, with regard to any claims of sexual harassment involving Plaintiff.

35.     Plaintiff never had any notice that he was the target of any sexual harassment complaints.  Notwithstanding, defendant's maliciously and falsely reported that Plaintiff had been fired for "sexual harassment."

36.     Plaintiff's termination was a pretext for illegal discrimination in that the defendant compelled a female probationary employee to file a false complaint of sexual harassment against the Plaintiff in order to have him terminated in retaliation for having engaged in protected activity.

37.     In fact, similarly situated co-workers charged with workplace harassment were never subject to immediate termination as Plaintiff was.

## FIRST CAUSE OF ACTION

### Racial Discrimination under 42 U.S.C. § 1981
### As and Against All Defendants and Each of Them

38.    Plaintiff repeats and re-alleges by reference each and every allegation
       contained in the above stated paragraphs, and incorporates the same as
       though fully set forth herein.

39.    Plaintiff claims he was subject to harassment which was condoned by
       management and motivated by Plaintiff's race (African American) under 42
       U.S.C. §1981 as set forth in the above stated paragraphs.

40.    Defendant's conduct was not welcomed by Plaintiff.

41.    Defendants conduct was motivated by Plaintiff s race and national origin.

42.    The conduct alleged by Plaintiff was so severe and pervasive that a
       reasonable person in Plaintiff's position would find Plaintiff 's
       environment to be hostile and abusive and that Plaintiff believed his
       environment to be hostile and abusive.

43.     Defendant at all times relevant herein had actual and constructive
        knowledge of the conduct described in the above stated paragraphs, but
        failed to take any remedial action to put an end to the discrimination
        Plaintiff suffered.

44.     The above described conduct created an intimidating, oppressive, hostile
        and offensive work environment which interfered with the Plaintiff's well
        being.

45.     As a result of the hostile and offensive environment perpetrated and
        maintained by defendants and each of them, and their failure to protect the
        Plaintiff from further harassment, Plaintiff suffers severe emotional distress.

46.     Defendants violated Plaintiff's civil rights under 42 U.S.C. § 1981 by failing
        to adequately supervise, control, discipline, and/or otherwise penalize the
        conduct, acts and failures to act of the Defendants as described above.

47.     Defendants failed to comply with their duty to take all reasonable and
        necessary steps to eliminate racial harassment from the workplace and to
        prevent it from occurring in the future.

48.     As a direct and proximate result of Defendant's willful, knowing and
        intentional discrimination against her, Plaintiff has suffered and will
        continue to suffer pain and suffering and extreme and severe mental
        anguish and emotional anguish and emotional distress; he has incurred
        and will continue to incur medical expenses for treatment by health care
        professionals, and for other incidental expenses, and he has suffered and
        will continue to suffer a loss of earnings and other employment benefits
        and job opportunities.  Plaintiff is thereby entitled to general and
        compensatory damages.

49.     As a further and proximate result of Defendant's violations, Plaintiff has
        been compelled to retain the services of counsel, and has thereby incurred
        and will continue to incur, legal fees and costs, the full nature and extent of
        which are presently unknown to the Plaintiff.  Plaintiff requests that attorney
        fees be awarded.

50.     Plaintiff is informed and believes, and based thereon alleges, that the
        outrageous conduct of Defendant described above was done with fraud,
        oppression and malice, with a conscious disregard for his rights, and with
        the intent, design, and purpose of injuring her.  Plaintiff is further informed
        and believes that Defendant authorized, condoned and/or ratified the
        unlawful conduct alleged herein, specifically.  By reason thereof, Plaintiff is
        entitled to punitive or exemplary damages in a sum to be adduced at trial.

51.        That Plaintiff's demand costs and attorneys' fees pursuant to 42 U.S.C.
           §1988.

## SECOND CAUSE OF ACTION
### Retaliation under 42 U.S.C. § 1981
### As and Against All Defendants and Each of Them

52.        Plaintiff repeats and re-alleges by reference each and every allegation
           contained in the above stated paragraphs, and incorporates the same as
           though fully set forth herein.

53.        Plaintiff in good faith complained to both management and the
           NYSDHR/EEOC about continous racial discrimination in the workplace,
           and, on a routine basis, informally to management.

54.        That by formally protesting the conditions of his work place with
           management for the past four years, and by filing his charge of
           discrimination based on national origin,   Plaintiff engaged in protected
           activity under 42 U.S.C §1981.

55.        Plaintiff was subject to retaliation as a result in the form of denials of
           promotions and being falsely accused of sexual harassment culminating in
           his termination on May 6, 2009.

56.       That there was a causal connection between Plaintiff's engagement in
          protected activity and the retaliatory treatment he suffered and defendants
          have no legitimate reasons for this conduct.

57.       Defendants, and each of them, engaged in a pattern of illegal retaliation
          because the Plaintiff had complained of national origin/ race discrimination.
          Defendant had no legitimate business reason for these actions.

58.       As a direct and proximate result of Defendant's willful, knowing and
          intentional discrimination against him, Plaintiff has suffered and will
          continue to suffer pain and suffering and extreme and severe mental
          anguish and emotional anguish and emotional distress; he has incurred
          and will continue to incur medical expenses for treatment by health care
          professionals, and for other incidental expenses, and he has suffered and
          will continue to suffer a loss of earnings and other employment benefits
          and job opportunities.  Plaintiff is thereby entitled to general and
          compensatory damages in amounts to be proven at trial.

59.      As a further and proximate result of Defendant's violations of 42 U.S.C.
         §1981, Plaintiff has been compelled to retain the services of counsel in an
         effort to enforce the terms and conditions of the employment relationship
         with Defendants and each of them, and has thereby incurred and will
         continue to incur, legal fees and costs, the full nature and extent of which
         are presently unknown to the Plaintiff. Plaintiff requests that attorney fees
         be awarded.

60.      Defendants conduct as described herein was malicious and oppressive,
         and done with a conscious disregard of Plaintiffs rights. The acts were
         performed with the knowledge of an employers' economic power over its
         employees. Defendant ratified the unlawful conduct of its employees in this
         action. Consequently, Plaintiff is entitled to punitive or exemplary damages
         from all Defendants.

## THIRD CAUSE OF ACTION
### Retaliation under Title VII

47.        Plaintiff repeats and re-alleges by reference each and every allegation
           contained in the above stated paragraphs, and incorporates the same as
           though fully set forth herein.

48.        Plaintiff in good faith complained to both management and the
           NYSDHR/EEOC of racial discrimination in the workplace, and on a routine
           basis, informally to management.

49.        That by formally protesting the conditions of his work place with
           management for the past four years, and by filing his charge of
           discrimination Plaintiff engaged in protected activity under Title VII.

50.        Plaintiff was subject to retaliation as a result in the form of denials of
           promotions and being falsely accused of sexual harassment culminating in
           his termination on May 6, 2009.

51.        That there was a causal connection between Plaintiff's engagement in
           protected activity and his termination, and that defendant's reasons for
           terminating Plaintiff are pretextual as a matter of law.

52.     Defendants, and each of them, engaged in a pattern of illegal retaliation
        because the Plaintiff had complained. Defendant had no legitimate
        business reason for these actions.

53.     As a direct and proximate result of Defendant's willful, knowing and
        intentional discrimination against him, Plaintiff has suffered and will
        continue to suffer pain and suffering and extreme and severe mental
        anguish and emotional anguish and emotional distress; he has incurred
        and will continue to incur medical expenses for treatment by health care
        professionals, and for other incidental expenses, and he has suffered and
        will continue to suffer a loss of earnings and other employment benefits
        and job opportunities. Plaintiff is thereby entitled to general and
        compensatory damages in amounts to be proven at trial.

54.     As a further and proximate result of Defendant's violations of  Title VII,
        Plaintiff has been compelled to retain the services of counsel in an effort to
        enforce the terms and conditions of the employment relationship with
        Defendants and each of them, and has thereby incurred and will continue
        to incur, legal fees and costs, the full nature and extent of which are
        presently unknown to the Plaintiff. Plaintiff requests that attorney fees be
        awarded.

55.     Defendants conduct as described herein was malicious and oppressive,
        and done with a conscious disregard of Plaintiffs rights. The acts were
        performed with the knowledge of an employers' economic power over its
        employees. Defendant ratified the unlawful conduct of its employees in this
        action. Consequently, Plaintiff is entitled to punitive or exemplary damages
        from all Defendants.

## FOURTH CAUSE OF ACTION
### Slander Per Se

56.     Plaintiff repeats and re-alleges by reference each and every allegation
        contained in the above stated paragraphs and incorporates the same as
        though fully set forth herein.

57.     On the date of his termination, Plaintiff was falsely informed that he was
        sexually harassing a female. Defendant maliciously published this false
        accusation to its employees knowing full well that they had compelled
        females to make false reports of "sexual harassment" in order to have the
        Plaintiff terminated.

58.     The statements published by defendants regarding Plaintiff were false,
        misleading and slanderous *per se* in that they imputed the professional
        standing and reputation of the Plaintiff injuring him in his trade, business
        and profession, and directly claim that Plaintiff was "sexually harassing" a
        female. Plaintiff was publicly disgraced and humiliated, both individually

Page -16-

and with his  business interests, has been made the subject of public
comment and notoriety, has been injured in him good name, reputation,
business and credit, individually and in connection with him business
interests, both in the community where he resides and the area in which he
conducts him business affairs and throughout the entire area  the false,
malicious, defamatory, slanderous and libelous statements were published
and circulated; and he has been the subject of ridicule, obloquy, scorn and
shame, and has sustained mental, emotional and physical anguish and
suffering as a result of his failure to be hired in his trade, business and
profession, due in part to the falsehood published by the defendant.

59.     Plaintiff was informed, and believes that the conduct of the defendants was
done with fraud, oppression and malice and was done by, authorized and
ratified by the highest level of defendant.

60.     Through the outrageous conduct described above, defendants acted with
the intent to cause, or with reckless disregard for the probability of causing
Plaintiff to suffer pecuniary and emotional harm.

61.     As a direct and proximate result of defendants' actions, Plaintiff has
suffered and will continue to suffer pain and suffering, extreme and severe
mental anguish, and emotional distress; he has suffered and will continue
to suffer loss of earnings and other actual damages.

62.     Defendants' conduct was malicious and oppressive and was done with a
        conscious disregard to plaintiff's rights.

63.     The acts of the defendants were performed knowingly and maliciously, and
        exceeded whatever privilege that would attain to such publication, including
        absolute and conditional privileges.

64.     The publication of the slander was done with malice as described above,
        and made willfully, wantonly and recklessly by the defendants who knew
        them to be untrue.

65.     As a result of the foregoing actions, Plaintiff has been damaged in the
        amount to be determined by a jury.

        **WHEREFORE,** Plaintiff prays that judgement be entered in her favor in accord
with the causes of action alleged above.

DATED:   September 29,  2009
         Rochester, New York

                                          /s/ Christina A. Agola
                                          _____
                                          Christina A. Agola,

                                          Christina A. Agola, PLLC
                                          Attorneys for  Plaintiff
                                          28 East Main Street
                                          2100 First Federal Plaza
                                          Rochester, New York 14614
                                          585.262.3320
                                          585.262.3325
                                          cagola@agolalaw.com

                              Page -18-